**DANIEL BONNETT (AZ # 014127)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
dbonnett@martinbonnett.com

**RICHARD J. (REX) BURCH (TX # 24001807)***
**JAMES A. JONES (TX 10908300)***
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:  (713) 877-8788
rburch@brucknerburch.com
jjones@brucknerburch.com

**SHANON J. CARSON (PA # 85957)***
**SARAH R. SCHALMAN-BERGEN (PA # 206211)***
**ALEXANDRA K. PIAZZA (PA # 315240)***
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone:  (215) 875-3000
scarson@bm.net
sschalman-bergen@mb.net
apiazza@bm.net

*Attorneys for Plaintiff*

*Application for Pro Hac Vice Admission to be Filed*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **RICHARD STAPLEMAN,** | ) | Case No.: **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | |
| | ) | |
| **GULF INTERSTATE FIELD SERVICES, INC.,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) ) | |

## SUMMARY

1.  Gulf Interstate Field Services, Inc. (Gulf Interstate) does not pay its Pipeline Inspectors overtime as required by the Fair Labor Standards Act of 1938, 29 U.S.C. §§

1

201, *et seq.* (FLSA).

2. Plaintiff Richard Stapleman worked for Gulf Interstate as a Pipeline Inspector and was paid a day rate for all days worked.

3. Although Stapleman regularly worked 60 (or more) hours a week, he did not receive any overtime pay as required by 29 C.F.R. § 778.112.

4. Thus, this action seeks to recover the unpaid wages and other damages owed to Stapleman.

### JURISDICTION AND VENUE

5. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2).

7. Stapleman was employed by Gulf Interstate in this District and Division (Gila County) and a substantial portion of the work that is the subject matter of this Complaint was performed in this District and Division.

### PARTIES

8. Plaintiff Richard Stapleman is an Arizona resident who was employed by Gulf Interstate as a Pipeline Inspector and paid according to Gulf Interstate's day rate pay plan.

9. From October 2013 through December 2013, Stapleman was employed by Gulf Interstate as a Utility Inspector in Arizona on a pipeline construction project for Kinder Morgan.

10. From March 2015 through April 2015, Stapleman was employed by Gulf Interstate as a Chief Inspector in New Mexico on a pipeline construction project for Kinder Morgan.

11. From April 2015 through May 2015 Stapleman was employed by Gulf Interstate as a Chief Inspector in Texas on a pipeline construction project for Kinder Morgan.

12. From May 2015 through June 2015 Stapleman was employed by Gulf

Interstate as a Chief Inspector in Arizona on a pipeline construction project for Kinder Morgan.

13. Defendant Gulf Interstate is a wholly owned subsidiary of Gulf Interstate Engineering Company (GIEC).[1] Gulf Interstate is part of an enterprise with GIEC.

14. The GIEC Enterprise provides a broad range of services to the oil and gas industry.

15. The GIEC Enterprise employs thousands of workers in many states and countries.

16. Its gross revenues have exceeded $100 million for each of the past three years.

17. Gulf Interstate was incorporated in Delaware, and maintains its corporate headquarters in Houston, Texas.

18. Gulf Interstate provides inspection services to the oil & gas industry.

19. It provides construction management, construction inspection, vendor inspection, environmental inspection, materials management, and other services for oil and gas transportation and storage projects throughout the United States.

20. Gulf Interstate employs Pipeline Inspectors (such as Plaintiff) who perform inspection services on oil and gas pipelines for energy, public utility and pipeline companies.

21. Gulf Interstate's financial results are driven largely by the number of Pipeline Inspectors performing services for Gulf Interstate's customers and the fees that Gulf Interstate charges the customers for these services.

22. Gulf Interstate charges its Pipeline Inspectors' services out to Gulf Interstate's customers on a per project basis, including a daily rate, per diem charges, mileage and other reimbursement items.

23. Gulf Interstate employs individuals engaged in commerce or in the

---

[1] *See* Gulf Interstate Corporate Organization, *available at* http://www.gie.com/about-us/corporate-organization (last visited April 12, 2017) (stating Gulf Interstate Field Services is a "wholly owned subsidiary providing construction management and construction inspection services").

production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by the FLSA.

24. Gulf Interstate's annual gross volume of business exceeds $500,000.

25. Gulf Interstate is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## **FACTS**

26. Plaintiff was employed as a Pipeline Inspector by Gulf Interstate, performing and reviewing inspections on gas pipelines.

27. Gulf Interstate employed Plaintiff to perform inspection duties on behalf of its customer, Kindle Morgan.

28. Plaintiff performed routine inspections of newly-laid pipes.

29. Plaintiff is a blue collar worker who is primarily engaged in manual labor or basic office duties.

30. Plaintiff's work as a Pipeline Inspector required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes. *See* 29 C.F.R. § 541.203(g).

31. The primary duty of Plaintiff as a Pipeline Inspector was to observe the construction of the pipeline, compare the work being performed to insure that it follows the plans and specifications set out by the pipeline owner and construction contractor, conduct non-destructive testing when necessary to insure compliance, to point out any variances between the work performed and the plans and specifications to the work crew and their foreman in the first instance, to note the progress of the construction project to report to the pipeline owner and construction contractor, and to report any variances in the work being performed and the plans and specifications to the pipeline owner and/or the construction contractor.

32. Plaintiff worked within closely prescribed limits provided by Gulf Interstate, the pipeline construction contractor, the pipeline owner, the American Petroleum Institute,

4

the American Society of Mechanical Engineers, the American Welding Society, and the United States Department of Transportation. *See* 29 C.F.R. § 541.203(g).

33. Pipeline Inspectors do not prepare the plans and specifications for the pipelines they inspect.

34. Pipeline Inspectors do not have the authority to change or authorize changes to the plans and specifications provided by the pipeline owner and construction contractor.

35. Pipeline Inspectors do not have the authority to direct the work of the crew(s) whose work they are inspecting.

36. The employment arrangements between Gulf Interstate and Plaintiff prior to Spring/Summer 2014 do not include any mention whatsoever of a minimum guarantee of a certain amount of pay which is to be paid regardless of the number of hours or days worked.

37. In the Spring/Summer of 2014, following a January 2014 meeting with Plaintiff's counsel, Gulf Interstate began to amend its contracts with its customers and to send out "correction" letters to its Pipeline Inspectors purporting to establish a minimum guarantee of a certain number of days pay to be paid regardless of the number of hours or days worked.

38. However, each of the post-Spring/Summer 2014 Correction Letters contains the following language:

> You will be paid your guaranteed salary for the work week if you are at the job site and ready and willing to work.

39. Thus, Gulf Interstate placed an additional condition on Pipeline Inspectors receiving their Day Rate that they had to be present at the job site *and* ready and willing to work.

40. Such a condition is entirely consistent with a Day Rate, but entirely inconsistent with a salary basis.

41. Gulf Interstate pays its Pipeline Inspectors a day rate for the work they perform.

42. While Gulf Interstate does not keep accurate records of the hours Pipeline

5

Inspectors work (Gulf Interstate instructs its Pipeline Inspectors to record only 10 hours per day on their timesheets regardless of whether the Pipeline Inspector worked more than 10 hours that day), Gulf Interstate knows its Pipeline Inspectors regularly work more than 40 hours in a week.

43. In fact, the timesheets submitted to Gulf Interstate regularly indicate 60 or more hours worked in a week.

44. Nonetheless, Gulf Interstate did not, and does not, pay its Pipeline Inspectors overtime compensation for hours worked over forty per workweek.

45. Because its day rate system does not pay non-exempt workers overtime for hours worked in excess of forty in a week, Gulf Interstate's day rate system violates the FLSA.

46. Gulf Interstate is aware its payment plan is illegal.

47. Gulf Interstate knows of the FLSA's requirements because it pays overtime to a number of its employees.

48. In addition, Gulf Interstate has received a number of complaints regarding its overtime pay practices with respect to Pipeline Inspectors.

49. Gulf Interstate nonetheless recklessly disregarded its overtime obligations.

50. In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Services (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011).

51. Since *Mumby*, many oil and gas service companies reclassified their daily rate workers to come into compliance with the FLSA. Gulf Interstate, however, did not do so.

52. Stapleman was a pre-notice opt-in in a case filed as a collective and class action in the Commonwealth of Pennsylvania. *Sloane, et al. v. Gulf Interstate Field Services, Inc.*, Civil Action No. 2:15-cv-01208 (W.D. Pa.), *venue transferred,* 4:16-cv-

6

01571 (M.D. Pa.).

53. Stapleman filed his consent to sue in the *Sloane* matter on November 27, 2015.

54. On March 24, 2017, the *Sloane* court denied Plaintiff's Motion for Collective and Class Certification and dismissed the claims of opt-in Stapleman – stating specifically he was "dismissed with prejudice." *Sloane, et al. v. Gulf Interstate Field Services, Inc.*, Civil Action No. 4:16-cv- 01571, ECF No. 192. at p. 4 (M.D. Pa. March 24, 2017).

55. Plaintiff requested the *Sloane* court amend or clarify its order, as the denial of conditional certification does not permit a dismissal with prejudice. *Lusardi v. Lechner*, 855 F.2d 1062, 1079 (3d Cir. 1988) ("[a] district court has no power or jurisdiction to rule on the merits of the claims of individual members of a putative opt-in class when it denies class certification. This is clear legal error.").

56. On April 13, 2017, the *Sloane* court responded that, despite the language in its Order, it did not purport to dismiss Stapleman's claims with prejudice. *Sloane, et al. v. Gulf Interstate Field Services, Inc.*, Civil Action No. 4:16-cv- 01571, ECF No. 197. at p. 2 (M.D. Pa. April 13, 2017).

57. This case followed.

## COUNT I

### VIOLATION OF THE FLSA

58. All previous paragraphs are incorporated as though fully set forth herein.

59. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

60. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek. *See* 29 C.F.R. § 778.112.

7

61. Gulf Interstate's compensation scheme applicable to Plaintiff failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

62. Plaintiff is not exempt from the overtime requirements of the FLSA.

63. Gulf Interstate acted knowingly and/or with reckless disregard of the rights of Plaintiff in failing to compensate Plaintiff at a rate of one and one-half (1-½) times his regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

64. During all relevant times, Plaintiff was a covered employee entitled to the above-described FLSA protections.

### **PRAYER**

WHEREFORE, Plaintiff seeks the following relief:

A. Back pay damages and prejudgment interest to the fullest extent permitted under the law;

B. Liquidated damages to the fullest extent permitted under the law;

C. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

D. Such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 28th day of April, 2017.

> MARTIN & BONNETT, P.L.L.C.
>
> By: s/Daniel L. Bonnett
> Daniel L. Bonnett
> Susan Martin
> Jennifer L. Kroll
> Evan Schlack
> 1850 N. Central Avenue, Suite 2010
> Phoenix, AZ 85004
> Telephone: (602) 240-6900
>
> -and-
>
> Richard J. (Rex) Burch
> James A. Jones
> BRUCKNER BURCH PLLC
> 8 Greenway Plaza, Suite 1500
> Houston, TX 77046
> Telephone: (713) 877-8788

-and-

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000

*Attorneys for Plaintiff*

9